Francis X. Conlon, J.
In this application a petition is presented to the court by order to show cause to require the respondents (a) to place a voting machine in each polling place of the 8th Assembly District at least three days in advance of the special election to be held on January 14, 1958 and staff such polling place with personnel to instruct prospective voters with respect to the use of the machines; (b) that such personnel instruct the prospective voters as to the proper method of casting a “ write-in ” ballot; and (c) to instruct said prospective voters in the use of a sticker to be inserted and affixed to the roll of paper in the machine which is used for the purpose of “ write-in ” ballots.
As to the first request of the petitioner, there is no statutory authority for the relief requested. Section 252 of the Election Law requires: “In all places where voting machines are to be used one or more of such machines * * * shall be placed on public exhibition in some suitable place, in charge of a competent instructor”. (Italics supplied.) There is no requirement or necessity to place a machine in each of the 92 polling-places for purposes of instruction. The board of elections has installed a machine in its offices, which is sufficient compliance with the statute. This is a central location in the borough, and is a reasonable and rational interpretation of the statute. Indeed, if the contention of the petitioner is adhered to it would result in an unreasonable and unnecessary expenditure of public funds and disruption of the normal election procedure.
As to the second request, at the place of exhibition, if the voter requests it, he will be instructed in the manner of casting a ‘ ‘ write-in ’ ’ vote.
*307 However, with regard to the third request, the use of pasters or stickers is not permitted. In fact, their use is in violation of section 765-a of the Penal Law. The cases cited hy the petitioner in support of their use were prior to the amendments to the Election Law, at which time the use of pasters was specifically allowed. The Attorney-General, in an opinion in 1933 (48 N. Y. St. Dept. Rep. 222; 1933 Atty. Gen. [Inf.] 222) found no authorization for the use of adhesive pasters by a voter, and this court has ruled that the voter may not use a paster (People ex rel. Moore v. Cohen, N. Y. L. J., Nov. 2,1934, p. 1604, col. 6).
Accordingly the application is in all respects denied and the petition dismissed.